UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

IN RE:                                                    )
JIMMIE A. CARTWRIGHT                                      )          Case No. 06-40787
                                    Debtor               )          Chapter 13
_____)
                                                         )

## MEMORANDUM

This case comes before the Court for confirmation of the Debtor's Chapter 13 plan of reorganization. Manufacturer and Traders Trust Co. ("MTTC"), a secured creditor, objected to the Debtor's proposed First Amended Plan of Reorganization as contrary to applicable state and bankruptcy law. Upon consideration of the issue, the Court denies confirmation of the Debtor's First Amended Plan of Reorganization.

## I.      STATEMENT OF JURISDICTION

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, and it is a core proceeding under 28 U.S.C. § 157(b)(2)(L). Venue is proper under 28 U.S.C. §1409(a).

## II.     FACTUAL BACKGROUND

On June 25, 1984, the Henderson City-County Planning Commission consolidated two tracts of land (a 0.425 acre tract and a 0.774 acre tract) located in Corydon, Kentucky. A consolidation plat was filed with the Henderson County Clerk's Office, Book 347, Page 456, joining the two tracts into a single indivisible tract of land.

The Debtor entered into a mortgage dated May 2, 1997, with MTTC. The legal description contained in the exhibit to the mortgage only described the 0.774 acre tract of land, and did not describe the property as a single tract, which would have included both the 0.425 acre tract and 0.774 acre tract, as reflected in the consolidation plat filed in 1984. The land description did,

however, specifically incorporate by reference the consolidation plat.

On July 6, 2006, MTTC filed a complaint for foreclosure in Henderson Circuit Court. That complaint included a claim that due to a scrivener's error the legal description inadvertantly omitted the 0.425 acre tract. MTTC alleged the parties intended the mortgage to encumber both tracts of land, as the two tracts had been consolidated in 1984. MTTC requested the deed be reviewed for the full description and that the mortgage be reformed to correct the alleged scrivener's error. On October 9, 2006, the Henderson Circuit Court entered a Judgment and Order of Sale, which included a provision granting MTTC's request to reform the mortgage to correct the scrivener's error. The legal description was modified to include both the 0.425 acre tract and the 0.774 acre tract with the street address of 826 Pritchett, Corydon KY 42406. The court further held the "real estate is indivisible and cannot be divided without materially impairing its value . . .." This judgment and order of sale is on appeal to the Kentucky Court of Appeals.

On November 2, 2006, the Debtor filed a Chapter 13 bankruptcy petition. In his schedules filed on November 6, 2006, the Debtor listed his residence at 826 Pritchett Street, Corydon Ky. On January 16, 2007, the Debtor filed his First Amended Chapter 13 Plan, wherein he proposed to make payments on the 0.425 acre tract and to surrender the residence at 826 Pritchett, referring to just the 0.774 acre tract, in full satisfaction of the debt. As stated above, MTTC objected stating the Henderson Circuit Court's Judgment held the two properties indivisible and that MTTC's mortgage covers one piece of property. MTTC argued the Debtor cannot propose to keep one portion of an indivisible piece of property while surrendering the rest. The Debtor contends the two subject tracts are separate, and since 0.425 acre tract is not the Debtor's principal residence, he can modify MTTC's rights with respect to this tract.

2

### III.    LEGAL DISCUSSION

Section 1322 (b)(2) of the Bankruptcy Code provides that:

> Subject to subsections (a) and (c) of this section, the plan may–
>
> (2) modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence, or of holders of unsecured claims, or leave unaffected the rights of holders of any class of claims.

Under this section, if MTTC holds a claim secured by a security interest in the Debtor's principal residence, the Debtor may not modify its rights.  The Debtor contends that since the 0.425 acre tract is a separate stand-alone tract, he may modify MTTC's rights.  The Debtor would be correct in that he could modify MTTC's right if this were indeed a separate tract of land.  However, the consolidation of the two tracts in 1984, the finding by the Henderson Circuit Court that this property is a single indivisible tract,  and the mortgage, as reformed by the Henderson Circuit Court, all compel this Court to conclude that there is a single tract of land comprised of both the 0.425 acre tract and the 0.774 acre tract of land.  The Henderson Circuit Court adjudicated the issue of divisibility, and res judicata prevents the Debtor from relitigating the issue in this court.  Furthermore, this court is not an appellate court for the Henderson Circuit Court.

In summary, MTTC holds a claim secured by real property that serves as the Debtor's principal residence and the Debtor cannot modify its rights as proposed in the First Amended Plan of Reorganization.  Consequently, the Court cannot confirm the Debtor's First Amended Plan of Reorganization.  The Court shall enter an Order this same date in accordance with the holding of this Memorandum.

UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

IN RE:                                                                )
JIMMIE A. CARTWRIGHT                                )          Case No. 06-40787
                          Debtor                           )          Chapter 13

**ORDER**

Pursuant to the Court's Memorandum entered this same date and incorporated herein by reference,

It is hereby **ORDERED** that confirmation of the Debtor's First Amended Plan of Reorganization is **DENIED**.

It is further **ORDERED** a hearing will be held on <u>May 15, 2007 at 11:00 a.m. CST, Owensboro Courthouse, U.S. Courthouse, 423 Frederica Street, Owensboro, Kentucky</u> for the Debtor to show cause why this case should not be dismissed.